United States District Court
Southern District of New York

| | |
|---|---|
| Andrew Valles,<br><br>  Petitioner,<br><br>v.<br><br>United States of America,<br><br>  Respondent. | Case Nos.:<br><br>1:20-CV-7835 (WHP)<br>1:19-CR-0672 (WHP)<br><br>MOTION TO STAY THE PETITION (Habeas Corpus); MOTION TO FORMALLY REVISE RELIEF REQUEST.<br><br>07 September 2021 |

Pursuant to the Court's April 1st, 2021, Order; Petitioner was given until May 19th, 2021, to respond to the Government's opposition papers. Petitioner did so by mailbox rule on or about April 22nd, 2021.

I

1. Petitioner submitted a motion for leave to amend his §2254 habeas corpus petition in U.S. Dist. Ct., D. Ut (Case No. 2:20-CV-0774-DBB) on or about August 16th, 2021. As of August 26th, 2021, that court granted leave; Petitioner received notification on September 3rd, 2021.

2. The petition soon to be submitted before that court, amended, is anticipated to affect and have a direct attack impact upon the §2255 petition currently before this court in prosecution against the Government. A possible and probable consequence of those proceedings at their conclusion may require a motion for leave to amend the 2255 petition by Petitioner. Petitioner would seek to amend — at that future juncture — by

retaining the 2255 petition as current and adding a claim to show actual innocence (per: McClesky v. Zant, 499 U.S. 467, 497, 111 S.ct 1454, 1471-72 (1991)).

3. Pursuant to the foregoing, at this time (and prior to this court's decision to call and Order an evidentiary hearing) Petitioner hereby motions the court to stay his petition here; until such time a conclusion has been reached in "the grandfather" case (which gives the 2255 petition's target criminal complaint inception and nexus to exist), and a motion for leave to amend — at least — would be relevant.

4. The court has discretion to grant this "Motion to Stay" despite Rhines v. Weber, 544 U.S. 269 (2005) tests. However, pursuant to: Dixon v. Baker, 847 F.3d 714, 720-22 (9th Cir. 2017); Cage v. Montgomery, 812 Fed. Appx. 679 (9th Cir. 2020) at 2-3; Blake v. Baker, 745 F.3d 977, 980, 983-84 (9th Cir. 2014); Ramdeo v. Phillips, No. 04-CV-1157, 2006 U.S. Dist. LEXIS 7422, 2006 WL 297462, at 5 (E.D.N.Y. Feb. 8, 2006); Whitley v. Ercole, 509 F. Supp. 2d 410, 417-18 (S.D.N.Y. 2007); Knight v. Colvin, No. 17-CV-2278, 2019 U.S. Dist. LEXIS 21824, at 9-10 (E.D.N.Y. Feb. 11, 2019); Petitioner declares and reminds the court respect- fully that a) he is without state and federal post- conviction counsel, b) his unexhausted claims in this (and the other aforementioned) district court are not "without merit" — per the 'Order to Answer'

from this court on September 25, 2020, and c) he is not being abusive of the court's time nor engaged in "intentionally dilatory litigation tactics" when his plain objective is to be economical in regard to the overall process that may assist this court to reach a much more expedited and cogent conclusion of this case at a later point.

## II

1. Petitioner previously submitted an informal relief request addendum to the court on or about December 05-07, 2020. After further review & research, and upon better understanding, Petitioner hereby formally motions the court to revise his relief request — by special court order — as follows:

    a) order to vacate the criminal conviction and sentence imposed prior,

    b) order all records related to arrest and criminal proceedings be sealed and destroyed (as though the arrest and prosecution never occurred, and barred from any penological interest use forever), directed to the FBI and any and all other instruments of the Government,

    c) order withdrawal and deletion of any and all standing detainers, and

    d) grant Petitioner any and all relief he may be entitled in this proceeding.

2. Petitioner provides the foregoing for the court's convenience in the event the court determines to proceed, without granting his "Motion to Stay", upon the basis of the current petition.

3. In the event the court grants Petitioner's "Motion to Stay", then a subsequent amended complaint shall be inclusive of the revised relief requests above.

### III

1. Pending the hopeful and anticipated grant of habeas relief in the U.S. Dist. Ct., D. Ut § 2254 petition, Petitioner advises the court that he may motion from this court an Order to permit that a prior final judgment (e.g. sentencing, and detention) be either stayed temporarily or vacated from taking effect under Rule 60 of Fed. R. Civ. P. — specifically, but limited to, Rule 60(b)(1), 60(b)(2), 60(b)(3) and/or 60(b)(6); though use of the latter is generally restricted to cases of "exceptional circumstances or undue hardship." Gil v. Vogilano, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

So dutifully submitted.

Date signed:
07 September 2021

Andrew Valles, Petitioner (Pro Se)

By November 3, 2021, the Government shall submit a letter responding to Petitioner's request to stay the case.

SO ORDERED.
Date: October 19, 2021
   New York, New York

JOHN P. CRONAN
United States District Judge

