UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                                                        :
              -v-                                       :            19 Cr. 672 (JPC)
                                                        :            20 Civ. 7835 (JPC)
                                                        :
ANDREW VALLES,                                          :            OPINION AND ORDER
                                                        :
                        Defendant.                      :
                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 10, 2023, the Court issued an Opinion and Order denying Defendant Andrew

Valles's motion, pursuant to 28 U.S.C. § 2255, to vacate his conviction for failing to register as a

sex offender in violation of 18 U.S.C. § 2250.  *See United States v. Valles*, Nos. 19 Cr. 672 (JPC),

20 Civ. 7835 (JPC), 2023 WL 4420288 (S.D.N.Y. July 10, 2023).  Valles, proceeding *pro se*,

moves for the Court to reconsider that decision and for a stay of this case pending litigation he has

initiated elsewhere.  Dkt. 42 ("Motion").  The Court assumes familiarity with Valles's offense

conduct and the procedural history of this case, which are set forth in the July 10, 2023 Opinion

and Order.  *See Valles*, 2023 WL 4420288, at *1-2.  Because Valles has not identified any basis

for the Court to revisit that Opinion and Order—whether it be arguments that were overlooked,

newly discovered evidence, or an intervening change in law—his motion for reconsideration is

denied.  Similarly, Valles has again provided no basis for this Court to stay this matter, and thus

his motion for a stay is denied as well.

## I.  Motion for Reconsideration

### A.    Applicable Standard

Valles explains that he brings this motion "under Fed. R. Civ. Proc. Rule 46, and/or this Motion to Reconsider ('Motion') proceeds under Fed. R. Civ. Proc. Rule 60(a), (b)(1) and/or (b)(6)."  Motion at 1.  Neither Rule 46 nor Rule 60(a) seems to have any application here.[1]  And, as discussed shortly, Rule 60(b) might apply if his motion to reconsider is deemed untimely.  Given Valles's *pro se* status, the Court will liberally construe his filing as seeking reconsideration of the Court's July 10, 2023 Opinion and Order denying his Section 2255 motion.  While no provision of the Federal Rules of Criminal Procedure provides for motions for reconsideration, the Second Circuit has held "that a motion to reconsider a section 2255 ruling is available [and] that it is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter."  *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993).

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment.  Local Civil Rule 6.3 further instructs that, in seeking reconsideration of a court order denying a motion, the movant must file the motion within fourteen days after the entry of judgment and the motion must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  "The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (quoting *Henderson v. Metro. Bank & Trust Co.*,

---

[1] Rule 46 concerns the procedure for stating an objection to a ruling or order, and Rule 60(a) concerns correction to a judgment based on a clerical mistake or an oversight or omission. Valles does not advance any reason why either provision applies to his motion.

502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007)).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Rule 60(b) enumerates six grounds by which a court, in its discretion, "may relieve a party . . . from a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).[2]  Motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit.  *See Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).  Rule 60(b) is "a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances and relief under the rule is discretionary."  *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (alteration in original) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).  A Rule 60(b) motion that merely seeks to relitigate issues already decided

---

[2] Those six grounds are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

should be denied. *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

In addition, in the criminal context, motions to reconsider are permitted in this District pursuant to Local Criminal Rule 49.1(d). *See United States v. Parrilla*, No. 13 Cr. 360 (AJN), 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014). Local Criminal Rule 49.1(d), which imposes a similar standard as Local Civil Rule 6.3, provides:

> A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.

S.D.N.Y. Loc. Cr. R. 49.1(d).

As noted, the Court denied Valles's motion under Section 2255 on July 10, 2023. Although dated July 25, 2023, Motion at 21, Valles's motion for reconsideration has a postmark of August 1, 2023 and was not received in the Clerk's Office until August 3, 2023, *id.* at 161. It therefore does not appear that Valles's motion for reconsideration was timely filed for purposes of either Federal Rule of Civil Procedure 59(e) or Local Criminal Rule 49.1(d), in which case it could only fall under the more stringent standards of Rule 60(b). Given Valles's *pro se* status and possible delays at the prison and in the mail, however, the Court will nonetheless consider the merits of his motion for reconsideration pursuant to the standards of Rule 59(e), Local Civil Rule 6.3, and Local Criminal Rule 49.1(d).

**B.    Discussion**

Even affording Valles the more favorable standard for reconsideration, however, his motion plainly fails. As discussed below, Valles has identified no legal theories or arguments that

were overlooked by the Court in denying his Section 2255 motion, nor has he identified any intervening changes in the law, new evidence, clear error, or need to prevent manifest injustice.

First, Valles contends that a conflict exists between a September 25, 2020 Order issued by the Honorable William H. Pauley III, to whom this case was previously assigned, which declined to summarily deny Valles's Section 2255 motion as being without merit and ordered a response from the Government, Dkt. 20, and this Court's conclusion—after receiving that response—that the motion lacked merit. *See* Motion at 2 (arguing that these supposed "contrasting, opposing views of the same material facts . . . suggest[] that apparent errors in case review have occurred during habeas proceedings to date"). Judge Pauley's determination, without the benefit of any briefing, that Valles's motion met the low threshold of not warranting summary denial hardly stands in conflict with this Court's conclusion, after carefully considering the parties' arguments, that Valles's motion should be denied.

Second, to the extent that Valles seeks to provide further factual or legal details to the Court in his briefing, this too does not warrant reconsideration. *See* Motion at 3 (purporting to "restate the facts . . . with better articulation—reliant upon court records on file, authorities of law, and constitutional standards"). A motion for reconsideration may not be used as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Geo-Group Commc'ns, Inc. v. Shah*, No. 15 Civ. 1756 (KPF), 2020 WL 5743516, at *10 (S.D.N.Y. Sept. 25, 2020) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *accord United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020).

Third, Valles largely rehashes arguments that he made in connection with his Section 2255 motion—arguments which this Court considered and rejected. In particular, he argues that his

prior counsel was ineffective for not challenging the constitutionality of 34 U.S.C. § 20913(d) as

a violation of the separation-of-powers doctrine.  Motion at 3-5; *see also id.* at 14 (contending that

"a federal question about retroactivity of [the Sexual Offender Registration and Notification Act

('SORNA')] clearly exists about Petitioner's requirement to register").  Yet, as explained in the

July 10, 2023 Opinion and Order, the Supreme Court rejected that argument in *Gundy v. United*

*States*, 139 S. Ct. 2116 (2019), less than three months before Valles's guilty plea:

> At issue in *Gundy* was whether the nondelegation doctrine—which prevents
> Congress from transferring its legislative power to another branch—renders 34
> U.S.C. § 20913(d) unconstitutional.  *Gundy*, 139 S. Ct. at 2121; *see also* U.S. Const.
> art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of
> the United States, which shall consist of a Senate and House of Representatives.").
> Justice Elena Kagan, writing the plurality opinion, noted that the Court has "held,
> time and again, that a statutory delegation is constitutional as long as Congress lays
> down by legislative act an intelligible principle to which the person or body
> authorized to exercise the delegated authority is directed to conform."  *Gundy*, 139
> S. Ct. at 2123 (internal quotation marks and brackets omitted).  Applying this
> standard, Justice Kagan concluded that the delegation in section 20913(d) passes
> constitutional muster.  *Id.* at 2129-30.  Justice Alito, concurring, expressed an
> interest in revisiting the Court's approach to the nondelegation doctrine in the
> appropriate case, but voted to affirm because he could not conclude that SORNA
> lacks a discernible standard.  *Id.* at 2130-31 (Alito, J., concurring).

*Valles*, 2023 WL 4420288, at *5.  And as this Court noted in the July 10, 2023 Opinion and Order,

"[t]he failure to warn a client of a meritless defense is not ineffective assistance."  *Id.*  A motion

for reconsideration is not an opportunity for a party "to reargue those issues already considered

when a party does not like the way the original motion was resolved."  *Colon v. New York City*

*Housing Auth.*, No. 16 Civ. 4540 (VSB), 2024 WL 714681, at *4 (S.D.N.Y. Feb. 21, 2024)

(internal quotation marks omitted).

Fourth, while Valles cites many judicial decisions in his motion for reconsideration, he

does not point to any "intervening change in controlling law," instead citing *Gundy*, Motion at 4,

and a litany of decisions in cases involving claims of ineffective assistance, *id.* at 6-7, and

unconstitutional searches, *id.* at 11-13. *See* Motion at 6-7. Several of those cases were also cited in Valles's original Section 2255 motion, *see* Dkt. 19 at 16, and many are from outside the Second Circuit and therefore not "controlling" on this Court. In addition to the fact that none of these decisions would have altered the Court's conclusion to deny his motion, they all pre-dated the Court's July 10, 2023 Opinion and Order and thus necessarily could not qualify as intervening changes in law.

Fifth, presumably Valles believes that reconsideration is warranted based on "new evidence" as he contends now, for the first time, that he requested an attorney just "minutes" before his video-recorded post-arrest statement and that his cellular phones were unconstitutionally seized from his residence. *See, e.g.*, Motion at 9 (arguing that after he was "put into hand restraints" at the time of his arrest, Valles "repeatedly respond[ed] 'I will not answer any of your questions without the presence of legal counsel'" and "observ[ed] his two mobile phones being seized, from a physically distant bedroom nightstand table, that were not on his person, nor incident to his arrest"); *id.* at 10 (claiming that Valles "repeatedly request[ed] just minutes before at the scene of arrest to have an attorney present prior to any questioning"). Valles argues that his counsel performed deficiently by not seeking suppression of this evidence and instead advising him to plead guilty. *See id.* at 9-13; *see also id.* at 12-13 ("As such, Petitioner claims that his guilty plea is not valid due to counsel's failure to challenge the incriminating evidence obtained during an illegal seizure and/or search. Consequently, Petitioner would not have voluntarily and knowingly pleaded guilty, and insisted instead to proceed to trial."). As the Court addressed in the July 10, 2023 Opinion and Order after reviewing the video of Valles's post-arrest questioning, he was properly *Mirandized* with the officers advising him of his right to have an attorney present, and he agreed to be questioned. *Valles*, 2023 WL 4420288, at *6-7. Valles's new, entirely self-serving

claim that he had requested an attorney before that recorded interview strains credulity[3] and, regardless, is not "new evidence" as it would have been something Valles would have known at the time it occurred.  Thus, it would have been known to Valles before he pled guilty and, more importantly for the instant analysis, before he filed his original motion pursuant to Section 2255.  For similar reasons, the seizure of two cellular phones from Valles's residence also does not amount to "new evidence."  That action too would have been known to Valles at the time of his arrest, as he acknowledges that he observed law enforcement seizing those phones after he was placed in hand restraints.  Motion at 9 (explaining that he "observ[ed] his two mobile phones being seized from a physically distant bedroom nightstand table").

Lastly, as mentioned, Valles cites in his motion Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.  Motion at 1.  In an abundance of caution, the Court addresses those provisions as well.  Neither affords Valles relief.

Rule 60(b)(1) permits a court to grant relief from a final judgment in the case of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  While Rule 60(b)(1) provides an avenue for relief for "a substantive mistake of law or fact in the final judgment or order," *Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2016 WL 462412, at *4 (S.D.N.Y. Feb. 4, 2016) (citations omitted), it does not "provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed,'" and a "[c]ourt should

---

[3] Indeed, it is hard to reconcile why, if Valles in fact did invoke his right to counsel, he would not have presented this argument in his Section 2255 motion.  Instead, while Valles argued in that motion that his counsel was ineffective for failing to seek suppression of his post-arrest statement, he only faulted his counsel for not arguing that he did not receive proper *Miranda* warnings.  *See, e.g.*, Dkt. 19 at 18 ("However, Counsel neglected to—under closer examination of the Movant's self-incriminating admission in the recording—observe and advise that arresting Agents from the U.S. Marshals Service omitted to state in their recitation of *Miranda* to Movant the 'right to have an attorney present during [any] questioning' . . . ." (first alteration in original)).

not 'reconsider issues already examined simply because [the movant] is dissatisfied with the outcome of his case,'" *In re Bulk Oil (USA) Inc.*, Nos. 89-B-13380, 93 Civ. 4492 (PKL), 93 Civ. 4494 (PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y. 1999)).  As discussed, Valles has identified no such mistake of fact or law, but rather raises many of the same arguments that the Court considered and rejected in denying his Section 2255 motion.

Rule 60(b)(6) is a catchall provision that permits relief from a final order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6); *see Jones v. Caputo*, No. 22 Civ. 2794 (JPC), 2023 WL 2436039, at *1 (S.D.N.Y. Feb. 16, 2023) (quoting *Warren v. Columbia Presbyterian Hosp.*, No. 12 Civ. 5139 (RA), 2019 WL 2250419, at *2 (S.D.N.Y. May 24, 2019)).  Motions pursuant to Rule 60(b)(6) may only be brought if no other subsection of Rule 60(b) applies and "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant."  *Jones*, 2023 WL 2436039, at *1 (quoting *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012)).  But here too, Valles's "[m]ere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship."  *Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010) (summary order).  In other words, Rule 60(b)(6) is not a mechanism to appeal a judgment with which a party disagrees.  *See Clavizzao v. United States*, No. 08 Civ. 6434 (KMK), 2010 WL 6836461, at *4 (S.D.N.Y. Oct. 25, 2010); *see also Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986) (noting that Rule 60(b)(6) "may not be used as a substitute for an appeal").  Valles has not demonstrated extraordinary circumstances or extreme hardship warranting relief for purposes of Rule 60(b)(6).

The Court has considered all other arguments raised by Valles in his motion for reconsideration, and none warrant reconsideration of the Court's July 10, 2023 Opinion and Order. Valles's motion for reconsideration therefore is denied.

## II.  Motion for a Stay

The Court also denies Valles's request that the Court stay these proceedings based on litigation he has initiated in other courts.  On November 8, 2021, the Court denied Valles's earlier motion for a stay pending a decision from the District of Utah on his petition pursuant to 28 U.S.C. § 2254 seeking vacatur of his 2004 state court convictions for two counts of lewdness involving a child and two counts of attempted dealing in harmful material to a minor.  *See Valles v. United States*, Nos. 19 Cr. 672 (JPC), 20 Civ. 7835 (JPC), 2021 WL 5322938 (S.D.N.Y. Nov. 8, 2021). Now, Valles cites again that Section 2254 petition, which he claims is on appeal to the Tenth Circuit, as well as a civil complaint pursuant to 42 U.S.C. § 1983, an interlocutory appeal to the Tenth Circuit, and petition for writ of *certiorari* to the Supreme Court challenging his designation under SORNA.  *See* Motion at 15-16.

As the Court previously explained, four factors guide whether a court should grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Valles*, 2021 WL 5322938, at *1 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  And once again, these factors point toward denying the stay.  Valles has not made a strong showing of success on the merits.  He has pointed to no injury—irreparable or otherwise— that he would suffer if a stay is denied.  In fact, a stay would essentially just leave in effect the Court's denial of his Section 2255 motion.  And the public's interests in the finality of criminal

convictions and the conservation of judicial resources favor resolution of this motion without further delay.

### III. Conclusion

For the aforementioned reasons, Valles's motions for reconsideration of the Court's July 10, 2023 Opinion and Order and for a stay are denied.  The Clerk of Court is respectfully directed to close the motions pending at Docket Number 41 and at Docket Numbers 22 and 25[4] in *Valles v. United States*, No. 20 Civ. 7835 (JPC).  A certificate of appealability shall not be granted, because Valles has not made a substantial showing of a denial of a federal right.  *See Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013).

SO ORDERED.

Dated: April 2, 2024
      New York, New York

                                           JOHN P. CRONAN
                              United States District Judge

---

[4] At Docket Number 25, Valles filed an "Emergency Motion" naming in the caption the California Department of Corrections and Rehabilitation (and presumably others, indicated by "*et al.*"), and names the United States of America as an "Interested Third-Party."  *Valles v. United States*, No. 20 Civ. 7835 (JPC), Dkt. 25.  In it, Valles seeks "an order for time-served release from any and all custody of Respondent and BOP, as well as immediate transfer" to supervised release.  *Id.* at 1-2.  That motion is denied for multiple reasons.  To start, the California Department of Corrections and Rehabilitation is not a party in *Valles v. United States*, No. 20 Civ. 7835 (JPC).  *See id.* Dkt. 1.  Second, to the extent Valles, who remains incarcerated in California, seeks to challenge the California Department of Corrections and Rehabilitation's calculation of his sentence, *see id.*, Dkt. 25 at 2-5, such a challenge is not properly brought in the Southern District of New York.  Third, Valles provides no valid legal basis for this Court to direct that he be released from California state custody.  *See id.* at 8-9.